UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUZANNE BROWN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO BANK, N.A. et al.,<br><br>　　　　　　Defendants. | No.  2:16-cv-1766 GEB GGH PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　On September 27, 2016, this court ordered plaintiff to show cause in writing by October 13, 2016 why sanctions should not be imposed for failure to timely file an opposition or statement of non-opposition to defendant Wells Fargo Bank's motion to dismiss, filed August 3, 2016.  At that time, defendant's motion was vacated from the law and motion calendar for October 6, 2016.  Plaintiff did not respond to the order.  Upon review of the motion and the documents in support, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

　　　　Local Rule 230(c) provides that opposition to the granting of a motion must be filed fourteen days preceding the noticed hearing date.  The Rule further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if written opposition to the motion has not been timely filed by that party."  Pursuant to E. D. Local Rule 230(i), failure to appear at the hearing may be deemed withdrawal of the motion or opposition, and may result in

////

1

sanctions.[1] Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Finally, Local Rule 183, governing persons appearing in propria persona, provides that persons representing themselves are bound by the Federal Rules and the Local Rules and failure to comply therewith may be ground for dismissal, judgment by default, or other appropriate sanction.

By order filed July 28, 2016, plaintiff was advised that failure "to obey federal or local rules, or orders of this court, may result in dismissal of this action." (ECF No. 2). In addition, by order filed September 27, 2016, plaintiff was again advised of the requirements under the Local Rules, afforded additional time to file opposition, cautioned that failure to file opposition would be deemed a statement of non-opposition and would result in a recommendation that defendant's motion be granted. Further, plaintiff was ordered to show cause why sanctions should not be imposed for failure to timely file an opposition. Plaintiff has not responded to the order to show cause, and has again failed to file an opposition. Pursuant to the September 27, 2016 order and the local rules, therefore, the court deems the failure to file an opposition as a non-opposition to the pending motion.

"Failure to follow a district court's local rules is a proper ground for dismissal." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).[2] The court should consider: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds* by Lacey v. Maricopa County, 693 F.3d 896 (9th Cir. 2012); Jacobsen v. Filler, 790 F.2d 1362, 1364-65 (9th Cir.1986) .

---

[1] Although the hearing was vacated in this case, the parties were informed that a hearing would be rescheduled at a later date if the court deemed oral argument necessary. (Order, filed September 27, 2016, ECF No. 7 at 2.)

[2] Moreover, failure to obey court orders is a separate and distinct ground for imposing the sanction of dismissal. See Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (setting forth same factors for consideration as Ghazali).

In recommending that this action be dismissed, the court has considered the factors set forth in Ghazali. "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir.1990). Defendant is prejudiced by the inability to reply to opposition, and the costs and effort expended in responding to frivolous complaints and appearing for hearing where plaintiff has not bothered to appear.[3]  Moreover, delay is nearly always prejudicial.  The court has repeatedly advised plaintiff of the requirements under the Local Rules and that this action is subject to dismissal, directed plaintiff to file statements of opposition or no opposition, and granted ample additional time to oppose the pending motion, all to no avail.  The court therefore concludes that there is no suitable alternative less drastic sanction to dismissal.

Furthermore, the court has reviewed defendant's motion, and finds that it has merit.

IT IS RECOMMENDED that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 27, 2016

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076/Brown1766.fr

---

[3] Although Wells Fargo Bank (f/k/a World Savings Bank) is the only defendant to have filed a motion to dismiss, defendant NBS Default Services, LLC is only a nominal party as a substituted trustee and serves only a ministerial role. See ECF No. 1 at 5.